```
                IN THE UNITED STATES DISTRICT COURT

                    FOR THE DISTRICT OF HAWAII

ERIC G. WILLIAMS,                ) CIVIL NO. 12-00375 HG-KSC
                                 )
         Plaintiff,              ) FINDINGS AND
                                 ) RECOMMENDATION TO DISMISS
    vs.                          ) COMPLAINT WITH LEAVE TO
                                 ) AMEND AND TO DENY
                                 ) APPLICATION TO PROCEED IN
UNITED STATES GOVERNMENT;        ) FORMA PAUPERIS
ERIC K. SHINSEKI, SECRETARY      )
OF THE DEPARTMENT OF             )
VETERAN AFFAIRS,                 )
                                 )
         Defendants.             )
_____ )
```

FINDINGS AND RECOMMENDATION TO DISMISS
COMPLAINT WITH LEAVE TO AMEND AND TO DENY
<u>APPLICATION TO PROCEED IN FORMA PAUPERIS</u>

On July 2, 2012, Plaintiff Eric Williams ("Plaintiff"), proceeding *pro se*, commenced the instant action and filed an Application to Proceed In Forma Pauperis ("Application"). The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the U.S. District Court for the District of Hawaii ("Local Rules").

<u>DISCUSSION</u>

Plaintiff requests that the Court permit him to

proceed *in forma pauperis*. A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." <u>Adkins v. E.I. Du Pont De Nemours & Co., Inc.</u>, 335 U.S. 331, 339 (1948) (internal quotations omitted). However, a court may deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action is frivolous, that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); <u>see</u> <u>Tripati v. First Nat'l Bank & Trust</u>, 821 F.2d 1368, 1370 (9th Cir. 1987); <u>Minetti v. Port of Seattle</u>, 152 F.3d 1113, 1115 (9th Cir. 1998). A complaint is frivolous if "it has no arguable substance of law or fact." <u>Tripati</u>, 821

F.2d at 1370 (citations omitted); Neitzke v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Neitzke, 490 U.S. at 325.

If the court dismisses the complaint, it should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); see also Tripati, 821 F.2d at 1370 (quoting Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)) ("*[P]ro se* plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'").

A. <u>The IFP Application Must be Denied Because Plaintiff's Complaint Fails to State a Claim Upon Which Relief May be Granted and Fails to Comply with the Federal Rules</u>

The Court has reviewed Plaintiff's Complaint, and concludes that it fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure ("FRCP"). Furthermore, even construing Plaintiff's Complaint liberally, <u>Bernhardt v. Los Angeles County</u>, 339 F.3d 920, 925 (9th Cir. 2003); <u>Jackson v. Carey</u>, 353 F.3d 750, 757 (9th Cir. 2003), it fails to state a claim upon which relief may be granted.

While FRCP 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Id.</u> (quoting <u>Bell Atlantic Corp. v. Twombly</u>,

4

550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

A complaint having the factual elements of a cause of action scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); see also McHenry v. Renne, 84 F.3d 1172, 1172 (9th Cir. 1996).

FRCP 10(b) requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction

or occurrence ... must be stated in a separate count." Id.

Each of the six causes of action set forth in the Complaint consists solely of statutory text, and Plaintiff fails to link the claims to the alleged facts of the case. Moreover, Plaintiff has not tied Defendant's alleged action(s) to the claims asserted. Augustin v. Dep't of Pub. Safety, Civil No. 09-00316 ACK-BMK, 2009 WL 353751, at *5 (D. Haw. Oct. 29, 2009) (dismissing count for failure to state a claim because the plaintiff neglected to link any of the defendants with the claims in said count and did not explain what the defendants did or did not do to violate the plaintiff's rights as alleged in the count).

For these reasons, the Court finds that Plaintiff's Complaint is deficient and fails to state a claim upon which relief may be granted. The Court therefore recommends that the Complaint be dismissed pursuant to 28 U.S.C. § 1915. See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quoting Neitzke, 490 U.S. at 327) (stating that the in forma pauperis statute

"accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless").

Insofar as the Court recommends dismissal of the Complaint for failure to state a claim upon which relief may be granted and for failure to comply with the applicable federal pleading rules, the Court recommends that Plaintiff's IFP Application be denied.

B.  The IFP Application Should Also be Denied Because Plaintiff has not Demonstrated an Inability to Pay

Even if the Court were to consider the merits of the IFP Application, it would be denied. Plaintiff represents that his monthly income totals $1,753.00. In determining IFP status, the Court is guided by whether the applicant's yearly income surpasses the poverty threshold. The Department of Health and Human Services ("HHS") 2012 Poverty Guidelines indicate that the poverty threshold for a one person household in

Hawaii is $12,860.00.  Annual Update of the HHS Poverty Guidelines, 77 Fed. Reg. 4034-02 (Jan. 26, 2012). Plaintiff represents that his monthly income totals $1,753.00.  This results in an annual income of $21,036.00, which exceeds the poverty threshold in Hawaii by approximately $8,000.00.  Moreover, Plaintiff indicates that he has $200.00 in a checking account. Based on the information provided by Plaintiff, the Court finds that he does not qualify for in forma pauperis status under 28 U.S.C. § 1915 given his income and funds in his checking account.  Plaintiff has failed to demonstrate that he genuinely cannot afford to prepay the costs of initiating this action.

Although the Court recommends dismissal of the Complaint for failure to state a claim and failure to comply with the applicable pleading rules, the Court recommends that the district court grant Plaintiff leave to file an amended complaint, addressing the deficiencies identified above, by **August 7, 2012.**  Any amended complaint should be titled "First Amended

Complaint," must comply with all applicable federal rules, and must clearly state the relief sought and the factual and legal basis demonstrating that Plaintiff is entitled to relief. In addition, Plaintiff's claims must be linked to specific Defendants and Plaintiff must explain how each Defendant is liable. Radford v. Wells Fargo Bank, Civil No. 10-00767 SOM-KSC, 2011 WL 1833020, at *1 n.1 (D. Haw. May 13, 2011) ("To provide proper notice, any Amended Complaint should allege necessary facts against specific Defendants, i.e., it should tie each claim to a Defendant and explain how each Defendant is liable.").

Plaintiff is advised that Local Rule 10.3 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." Local Rule 10.3. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, if

Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

The Court further directs that in any future pleadings, Plaintiff utilize headings once, instead of repeating a heading every instance the content thereunder continues to another page.[1]

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the district court:

1) DISMISS the Complaint with leave to amend;

2) GRANT Plaintiff until **August 7, 2012**, to file an amended complaint curing the deficiencies identified above;

3) DENY Plaintiff's IFP Application; and

4) ORDER Plaintiff to pay the appropriate filing fee by **August 7, 2012.**

---

[1] For example, the heading "Count II" is listed on page 8, 9, and 10 of the Complaint. If Plaintiff elects to file an amended pleading, "Count II" should only appear once, as should other headings utilized by Plaintiff.

The Court cautions Plaintiff that failure to file a First Amended Complaint **and** pay the filing fee by **August 7, 2012**, will result in the dismissal of the action and that his failure to cure the deficiencies identified above will result in the dismissal of the action.[2]

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, July 10, 2012.



Kevin S.C. Chang
United States Magistrate Judge

CV 12-00375 DAE-KSC; <u>WILLIAMS V. ERIC SHINSEKI, ET AL.</u>; FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT WITH LEAVE TO AMEND AND TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS

---

[2] The deficiencies identified in this Findings and Recommendation are not necessarily the Complaint's only deficiencies. It is not the Court's duty to advise a litigant about how to cure pleading defects. Such advice "would undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004); <u>see</u> <u>also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform the litigant of deficiencies). Thus, Plaintiff is cautioned that even if he cures the aforementioned deficiencies, his amended pleading may still be subject to dismissal for failure to state a claim, or some other basis.