IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ERIC G. WILLIAMS, | ) | CV. NO. 12-00375-HG-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES GOVERNMENT , | ) | |
| U.S. Department of Justice, 950 | ) | |
| Pennsylvania Avenue, N.W., | ) | |
| Washington, D.C. 20530-0001, | ) | |
| | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| | ) | |
| ERIC K. SHINSEKI, Secretary of | ) | |
| the Department of Veteran | ) | |
| Affairs, Office of the General | ) | |
| Counsel (021B), 810 Vermont | ) | |
| Avenue, N.W. Washington, DC. | ) | |
| 20420, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING RESPONDENT UNITED STATES GOVERNMENT AND
DEFENDANT ERIC K. SHINSEKI'S MOTION FOR SUMMARY JUDGMENT
(ECF No. 27)
AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 25)**

Plaintiff filed suit against the Federal Government and the

Secretary of the United States Department of Veteran Affairs for

violations of the Privacy Act and related laws, and the United

States Constitution.

1

The Parties filed cross motions for summary judgment.

The Government and the Secretary of the Department of Veteran Affairs's Motion for Summary Judgment is **GRANTED**. Plaintiff's Motion for Summary Judgment is **DENIED**.

<u>**PROCEDURAL HISTORY**</u>

On July 2, 2012, Pro Se Plaintiff Eric G. Williams filed a Complaint. (ECF No. 1.)

On November 23, 2012, Plaintiff filed an Amended Complaint. (ECF No. 11.)

On March 14, 2013, Respondent United States Government ("the Government") and Defendant Eric K. Shinseki ("Defendant Shinseki"), Secretary of the United States Department of Veterans Affairs, filed an Answer. (ECF No. 20.)

On April 22, 2013, Plaintiff filed a Motion for Summary Judgment. (ECF No. 25.) Plaintiff did not file a supporting Concise Statement of Material Facts at the time of filing the Motion for Summary Judgment.

On May 10, 2013, the Government and Defendant Shinseki filed a Cross-Motion for Summary Judgment (ECF No. 27) and a supporting Concise Statement of Material Facts (ECF No. 28).

On May 15, 2013, the Government and Defendant Shinseki filed an Opposition to Plaintiff's Motion for Summary Judgment. The

2

Opposition moved to strike Plaintiff's Motion for Summary Judgment for failure to file a supporting Concise Statement of Material Facts, in violation of Local Rule 56.1. (ECF No. 30.)

On May 28, 2013, Plaintiff filed a Concise Statement of Material Facts in support of his Motion for Summary Judgment (ECF No. 25). (ECF No. 31).

On the same day, Plaintiff filed an Opposition to the Government and Defendant Shinseki's Cross-Motion for Summary Judgment. (ECF No. 32.)

On June 3, 2013, the Government and Defendant Shinseki filed a Reply in support of their Cross-Motion for Summary Judgment. (ECF No. 33.)

On June 10, 2013, Plaintiff filed a Memorandum entitled, "Reply Memorandum to Quash Their Motion for Summary Judgment." (ECF No. 34.) Plaintiff, in the Reply, seeks leave to amend his claims.

The Court elected to decide both Motions for Summary Judgment (ECF Nos. 25 and 27) without a hearing, pursuant to Local Rule 7.2(d). (ECF Nos. 26 and 29.)


## BACKGROUND


On or about January 29, 2010, Unisource, a California-based document retrieval company, provided the Veterans Administration

("VA") San Francisco Medical Center with a Request for Plaintiff Eric G. Williams's medical records ("Records Request"), related to all health care that he received at their facility. (Decl. Of Jeff Mineses ("Mineses Decl.") at ¶ 3, Ex. A, ECF No. 28.) Plaintiff's medical records were being sought by a third-party's insurance company, with whom Plaintiff had been in contact with, in relation to an automobile accident.

The Request for Williams's records was handled by Jeff Mineses, a Medical Correspondence Clerk at the VA San Francisco Medical Center. The Records Request included an Authorization to Release Medical Records or Health Information ("Williams Release"), signed by Plaintiff, dated January 19, 2010. (Mineses Decl. Ex. A, ECF No. 28.) The Williams Release authorized the release of Plaintiff's  records "from 9/8/07 til present (For Accident Related Treatment Only)." (Id.)

On February 2, 2010, Mineses responded to the Records Request by producing all of Plaintiff's medical records, beginning on September 8, 2007, not only those related to the "accident." (Mineses Decl. at ¶ 6.) Mineses claims that he did not know what accident the Williams Release referred to, and believed his actions to be in compliance with the Privacy Act. (Mineses Decl. at ¶¶ 6-7, ECF No. 28.)

Plaintiff's records, some of which were outside the scope of the Williams Release, were provided to the third-party's

4

insurance company. (Declaration of Darrell McDonald ("McDonald Decl.") Ex. F, ECF No. 28.)

Plaintiff initially contacted the Department of Veterans Affairs on December 16, 2010, alleging a federal tort claim. (Plaintiff's Motion Ex. A, at pg. 2, ECF No. 25.) Plaintiff did not clearly articulate how the Department of Veterans Affairs was connected to his claim. On January 4, 2011, the General Counsel for the Department of Veterans Affairs responded that the people Plaintiff accused of improperly disclosing his information do not work for the Department of Veterans Affairs. (Id.)

On or around mid-April 2011, Plaintiff submitted a complaint to the Department of Veterans Affairs that properly articulated his claim. (Plaintiff's Motion Ex. A, at pg. 4, ECF No. 25.) The VA San Francisco Medical Center, upon being notified of a potential Privacy Act violation, conducted an internal investigation. (McDonald Decl. Ex. B, ECF No. 28.) In August 2011, the VA determined that it had disclosed certain records outside the scope of the Williams Release, in response to the Records Request, in violation of the Privacy Act. (Id.)

Mineses received training and counseling from a VA Privacy Officer on his job duties and how it related to the Privacy Act, in response to the improper release of Plaintiff's records. (Mineses Decl. at ¶ 9, ECF No. 28.)

The VA also offered Plaintiff enrollment in Equifax Personal Solutions, at no cost, to protect him against identity theft. (McDonald Decl. Ex. B, ECF No. 28.)

Plaintiff filed suit, alleging violations of the Privacy Act and related laws, and his rights guaranteed by the Federal Constitution. (ECF No. 11.)

The Parties filed cross Motions for Summary Judgment. (ECF Nos. 25, 27.)

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett,

6

477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).

The court views the facts in the light most favorable to the non-moving party.  State Farm Fire & Casualty Co. v. Martin, 872

F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630.  The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994). When the non-moving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact.  Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); see also National Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

Plaintiff's Amended Complaint (ECF No. 11) alleges four causes of action, arising from the Veterans Administration ("VA") San Francisco Medical Center's unauthorized disclosure of his medical records:

Count I:   Violation of the Privacy Act, 5 U.S.C. § 552a,

Count II:   Violation of Plaintiff's Federal Constitutional

            rights, pursuant to 42 U.S.C. § 1983,

Count III:  Violation of the Department of Veterans Affairs

            confidentiality statute, 38 U.S.C. § 5701, and

Count IV:   Violation of the Department of Veterans Affairs

            Regulation, 38 C.F.R. 1.576.

     The Parties filed cross-motions for summary judgment.


I.   **THE GOVERNMENT'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR
     SUMMARY JUDGMENT IS DENIED**

     Plaintiff Eric G. Williams initially filed his Motion for

Summary Judgment (ECF No. 25) without a filing a separate concise

statement of material facts, as required by Local Rule 56.1.

     Local Rule 56.1 requires a party to file a separate concise

statement detailing each material fact, as to which the moving

party contends that there are no genuine issues to be tried that

are essential for the court's determination of the summary

judgment motion.

     Respondent United States Government ("the Government") and

Defendant Eric K. Shinseki ("Defendant Shinseki"), Secretary of

the Department of Veterans Affairs, in their Opposition to

Plaintiff's Motion for Summary Judgment, filed on May 15, 2013,

moved to strike Plaintiff's Motion for Summary Judgment for

failing to file a separate supporting statement of material facts. (ECF No. 30.)

Approximately two weeks later, on May 28, 2013, Plaintiff filed a Concise Statement of Material Facts in support of his Motion for Summary Judgment (ECF No. 25). (ECF No. 31).

Plaintiff, who is pro se, sufficiently set forth the facts he believes to be material and undisputed in his Motion for Summary Judgment. Plaintiff has also now filed a Concise Statement of Material Facts. The Government and Defendant Shinseki were not prejudiced by pro se Plaintiff's delay in filing the Concise Statement.

The Motion to Strike, raised in the Opposition to Plaintiff's Motion for Summary Judgment (ECF No. 30), is **DENIED.**

**II.  THE GOVERNMENT AND DEFENDANT SHINSEKI ARE ENTITLED TO SUMMARY JUDGMENT ON ALL CLAIMS IN THE AMENDED COMPLAINT**

**A.   Plaintiff's Privacy Act Claim**

Plaintiff alleges that the Government and Defendant Shinseki are liable, pursuant to the Privacy Act, 5 U.S.C. § 552a, for releasing his medical records that exceeded the scope of his authorization.

The Privacy Act, 5 U.S.C. § 552a, governs the disclosure of, access to, and amendment of records that are maintained by

federal agencies, including the Department of Veterans Affairs.
Lane v. Dep't of Interior, 523 F.3d 1128, 1138 (9th Cir. 2008). A
successful claim under the Privacy Act requires a showing that:
(1) the agency disclosed information contained within a system of
records; (2) the disclosure was improper; (3) the disclosure was
intentional or willful, and (4) the plaintiff was adversely
affected by the disclosure. Tungjunyatham v. Johanns, 500 F.
App'x 686, 689 (9th Cir. 2012)(citing Swenson v. U.S. Postal
Service, 890 F.2d 1075, 1077 (9th Cir.1989)).

It is undisputed that the VA improperly disclosed records,
which exceeded the scope of Plaintiff's authorization.

The Government and Defendant Shinseki claim that Plaintiff's
claim fails because the disclosure was not willful or
intentional, as required by the Privacy Act. 5 U.S.C. §
552a(g)(4).

An agency acts in a willful or intentional manner if it acts
without grounds for believing it to be lawful, or flagrantly
disregards the plaintiff's rights under the Privacy Act. See
Covert v. Harrington, 876 F.2d 751, 756-57 (9th Cir. 1989).
Willful or intentional conduct is that which "amount[s] to more
than gross negligence." Willborn v. HHS, 49 F.3d 597, 602 (9th
Cir. 1995)(quoting Johnston v. Horne, 875 F.2d 1415, 1422 (9th
Cir. 1989)).

11

The Records Request from Unisource sought "any and all
documents and medical records pertaining to the examination,
care, diagnosis, and treatment" of Plaintiff, without any
limitation. (Mineses Decl. Ex. A, ECF No. 28.) Plaintiff's
authorization only provided for release of his hospital summary
and outpatient treatment notes "from 9/8/2007 til present (For
Accident Related Treatment Only)." (Id.) Plaintiff's Release
limited disclosure to records related to his accident, but did
not detail what accident.

Plaintiff claims that his Release was clear because the only
accident was the September 8, 2007 accident. He contends that the
Release never should have been processed if ambiguity existed.
(Plaintiff's Opposition at pg. 2, ECF No. 32.)

Plaintiff's contentions do not show willful or negligent
agency conduct. The VA Records Clerk handling the request, Jeff
Mineses, released only those records from September 8, 2007, even
though the Unisource Request for information sought all records
for Plaintiff, regardless of date. The fact that Mineses
attempted to comply with Williams's authorization, shows Mineses
intent to comply with the Privacy Act. See Sullivan v. Veterans
Admin., 617 F.Supp. 258, 262 (D.D.C. 1985) ("While the VA was not
completely successful in deleting all the personally identifiable
references to plaintiff, its attempt to do so demonstrates that

12

agency's consideration of and concern for plaintiff's privacy interests.").

The VA's attempts to remedy or mitigate the effects of the disclosure also show lack of willful or intentional agency action. In response to Plaintiff's concerns, the VA provided Mineses with training regarding the Privacy Act and offered Plaintiff enrollment, at no cost, in a service to protect against identity theft. Such attempts to remedy an improper action may be considered in determining whether an agency's action was willful or intentional. Sterling v. United States, 826 F. Supp. 570, 572 (D.D.C. 1993) aff'd, No. 93-5264, 1994 WL 88894 (D.C. Cir. Mar. 11, 1994).

Plaintiff, to support his claim that the VA's violation was willful or intentional, claims that the VA's San Francisco Regional Counsel initially denied negligence and refused to investigate his complaint. (Plaintiff's Motion at pg. 2, Ex. A, ECF No. 25; Plaintiff's Opposition at pg. 3, ECF No. 32.) Plaintiff refers to a Letter, dated January 4, 2011, from the VA Regional Counsel, which states:

> Your administrative tort claim alleged that the [VA] was responsible for the unauthorized release of personally identifiable information by Kimberly Waters, Attorney at Law. You further allege that Ms. Waters is employed by the Law Offices of Michael McKone. You have not alleged that either Ms. Waters or the Law Offices of Michael McKone are the employee or agents of the [VA].

> Since neither Kimberly Waters nor the Law Offices
> of Michael McKone are the employee or agent of the
> United States, the [VA] has no responsibility or
> liability in this action. Accordingly, your claim is
> now denied.

(Plaintiff's Motion Ex A., ECF No. 25.) The letter went on to

instruct Plaintiff how he might appeal the decision. (Id.)

The VA denied Plaintiff's complaint due to Plaintiff's

inaccurate description of his claim. The person accused of

wrongdoing in Plaintiff's complaint was the attorney for the

third-party's insurance carrier, who ultimately received the

improperly released information, not the person who released the

information. The VA's denial, based on Plaintiff's inaccurate

description of his allegation, does not support a finding of

willfulness or intentional agency conduct in violation of the

Privacy Act.

Plaintiff's Privacy Act claim is **DISMISSED.**


**B.   Plaintiff's 42 U.S.C. § 1983 Claim**

Plaintiff's 42 U.S.C. § 1983 claim generally alleges that

the disclosure of his records violated his Federal Constitutional

rights.

A plaintiff bringing a 42 U.S.C. § 1983 claim must show:

(1) that a right secured by the Constitution or laws of the

United States was violated, and (2) that the violation was

committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

Plaintiff has failed to allege a Federal Constitutional right that was violated as a result of the disclosure of his records. There is also no evidence to support that Mineses or other VA employees were acting under the color of state law in releasing the records.

Plaintiff's 42 U.S.C. § 1983 claim is **DISMISSED.**

**C. Plaintiff's 38 U.S.C. § 5701 Claim**

Plaintiff alleges a violation of the Department of Veterans Affairs's confidentiality statute, 38 U.S.C. § 5701(j), which provides that disclosures are subject to the Privacy Act.

The VA's confidentiality statute does not establish a cause of action for the improper disclosure of medical records. <u>Ellis v. Multnomah Cnty.</u>, No. CV-04-150-HU, 2004 WL 1636539, at *5 (D. Or. July 15, 2004). The cause of action would arise under the Privacy Act.

Plaintiff's claim for violation of 38 U.S.C. § 5701 is **DISMISSED.**

15

**D. Plaintiff's 38 C.F.R. § 1.576 Claim**

Plaintiff's final cause of action alleges a violation of 38 C.F.R. § 1.576.

The regulation at issue, 38 C.F.R. § 1.576, details the VA's duties in disclosing records in its custody and sets forth criminal penalties for violations of the Privacy Act. 38 C.F.R. § 1.576(e). The regulation does not create a civil cause of action, independent of one arising under the Privacy Act, 5 U.S.C. § 552a(g)(1). <u>Unt v. Aerospace Corp</u>, 765 F.2d 1440, 1448 (9th Cir. 1985)(criminal penalty provision of the Privacy Act does not create a civil right of action).

Plaintiff's 38 C.F.R. § 1.576 claim is **DISMISSED.**


**III. PLAINTIFF'S REQUEST FOR LEAVE TO AMEND**


Plaintiff seeks leave to amend his claims. (Plaintiff's Reply at pgs. 7-10, ECF No. 34.) Plaintiff seeks to include the allegation that the Government and Defendant Shinseki violated his right to privacy by releasing unauthorized medical and confidential information to a third party. Plaintiff also wishes to include information regarding breach of confidentiality through the release of medical information gained under the physician-patient privilege.

16

A court should grant leave to amend a complaint "unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992).

Plaintiff cannot establish a viable claim, through the proposed amendments or otherwise. Amendment would be futile.

Plaintiff's request for leave to amend (ECF No. 34) is **DENIED.**


<u>**CONCLUSION**</u>


For the foregoing reasons,

    (1)   Respondent United States Government and Defendant Eric K. Shinseki's Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 30) is **DENIED.**

    (2)   Respondent United States Government and Defendant Eric K. Shinseki's Motion for Summary Judgment (ECF No. 27) is **GRANTED**.

//

//

//

//

//

(3)   Plaintiff Eric G. Williams's Motion for Summary

Judgment (ECF No. 25) is **DENIED.**

(4)   Plaintiff's Motion for Leave to Amend (ECF No. 34) is

**DENIED.**

The case is now closed.

IT IS SO ORDERED.

DATED:   June 28, 2013, Honolulu, Hawaii.



/S/ Helen Gillmor
_____

Helen Gillmor
United States District Judge

ERIC G. WILLIAMS v. UNITED STATES GOVERNMENT, U.S. Department of Justics, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001; ERIC K. SHINKSEKI, Secretary of the Department of Veteran Affairs, Office of the General Counsel (021B), 810 Vermont Avenue, N.W., Washington, D.C. 20420; Civ. No. 12-00375-HG-KSC; **ORDER GRANTING RESPONDENT UNITED STATES GOVERNMENT AND DEFENDANT ERIC K. SHINSEKI'S MOTION FOR SUMMARY JUDGMENT (ECF No. 27) AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 25).**